# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

**Rodger D. Smith II**
(302) 351-9205
(302) 498-6209 FAX
rsmith@mnat.com

August 24, 2016

The Honorable Leonard P. Stark                                   *VIA HAND DELIVERY &*
United States District Court                                     *ELECTRONIC FILING*
for the District of Delaware
844 North King Street
Wilmington, DE 19801

    Re:   *FatPipe, Inc. v. Viptela, Inc.,*
           C.A. No. 16-182 (LPS) (CJB)

Dear Chief Judge Stark:

        Defendant Viptela, Inc. ("Viptela") respectfully submits this letter brief in anticipation of the teleconference scheduled with the Court for September 2, 2016 at 12:30 p.m. regarding the one provision of the Protective Order as to which the parties continue to disagree. The parties have a dispute concerning Paragraph 8(b)(ii) of the Proposed Protective Order (attached hereto as Exhibit A) relating to whether representatives for the Receiving Party who are not in-house attorneys may have access to information designated as "CONFIDENTIAL."

        Paragraph 8 of the proposed Protective Order generally concerns whether and who may view discovery materials designated as "CONFIDENTIAL" and which therefore reflect "confidential, proprietary and/or commercially sensitive information" of the Producing Party. The parties' dispute lies in subparagraph (b)(ii) and centers on whether non-attorney employees of a Receiving Party who are involved in competitive decision-making efforts may view Confidential Information of the Producing Party.

        It is Viptela's position that disclosure of the Producing Party's Confidential Information should be limited to: (1) in-house attorneys for the Receiving Party, as well as their paralegals and staff to whom disclosure is reasonably necessary; and (2) individuals who agree to be bound by the provisions of the Protective Order so long as such individuals are not involved in competitive decision-making for the Receiving Party. Viptela and FatPipe are direct competitors and, therefore, Viptela does not believe that any individual involved in competitive decision-making should have access to the Confidential Information of the other party, whether employed on behalf of the Plaintiff or the Defendant.

By comparison, Viptela understands that FatPipe wants to allow non-attorney employees of the Receiving Party to view Confidential Information even if that employee is involved in competitive decision-making efforts. This would include, for instance, FatPipe's President and Chief Executive Officer, Ragular Bhaskar. Mr. Bhaskar possesses a Ph.D. in Engineering from Pennsylvania State University, where he also worked in the engineering department as a research technologist. It is Viptela's understanding that Mr. Bhaskar is intimately involved with the design, development, and marketing of FatPipe's products. Further, Viptela has asserted counterclaims for unfair competition against FatPipe based, at least in part, on Mr. Bhaskar's improper communications with Viptela customers while this lawsuit has been pending. Viptela believes that FatPipe's request risks misuse of Viptela's Confidential Information in current or future endeavors by FatPipe. This is particularly true where, as here, the parties will be producing detailed technical information regarding the structure, function and operation of their products, in addition to highly confidential sales, marketing and financial documents.

Viptela's position is consistent with the long-standing precedent of this Court as well as numerous other State and Federal courts restricting disclosure of a Producing Party's Confidential Information to trial attorneys and independent experts assisting the attorneys. *E.g., Hitkansut LLC v. United States*, 111 Fed. Cl. 228, 237-39 (2013) (citing *Safe Flight Instrument Corp. v. Sundstrand Data Control Inc.*, 682 F. Supp. 20, 22 (D. Del. 1988)); *United States Steel Corp. v. United States,* 730 F.2d 1465, 1468 (Fed. Cir. 1984) ("'[W]here [corporate employees] are involved in competitive decision making, it may well be that a party seeking access should be forced to retain outside counsel or be denied the access recognized or needed.'"); *Ross-Hime Designs, Inc. v. United States*, 109 Fed. Cl. 725, 742-44 (2013) (holding that access to protected information would not be granted to plaintiff's president who was likely to be involved in competitive decision-making). As noted in *Hitkansut*, "[c]ourts presiding over patent cases have often crafted protective orders that address the need to limit access to protected technical information." *Hitkansut*, 111 Fed. Cl. at 238. In that context, *Safe Flight* and its progeny is instructive because that "line of precedent implicitly recognizes that courts often afford fuller protection to technological information than that extended to ordinary business information." *Safe Flight*, 682 F. Supp. at 22.

To be clear, Viptela is in no way contending that anyone at FatPipe would knowingly or intentionally violate the terms of the Court's Protective Order. However, any person is by nature human. At a minimum, it will be extremely challenging for any individual at FatPipe that is involved in competitive decision-making efforts against its competitor Viptela to separate themselves from the knowledge and information extracted from Viptela's documents from those he or she may develop from his or her own ideas. It is this unconscious, but improper use of technical information by a party in the future, against which Viptela seeks to guard. Viptela seeks protections against this misuse by precluding competitive decision-makers from having access to Confidential Information produced in this litigation. *See Safe Flight*, 682 F. Supp. at 22 ("[A]ccepting that Mr. Greene is a man of great moral fiber, we nonetheless question his human ability during future years of research to separate the applications he extrapolated from Sundstrand's documents from those he develops from his own ideas."); *Hitkansut*, 111 Fed. Cl. at 239 ("Even accepting that Ms. Walker would make a conscious and sustained effort to comply with the terms of the protective order, the fallibility of the human brain is paramount. It

is simply impossible for a human being to segregate, or 'unlearn,' certain pieces of information.").

Indeed, FatPipe argued during the meet and confer process that it required competitive decision-makers to have access to Viptela's documents because FatPipe's client needed to view Viptela's Confidential Information in order to be informed of and properly direct this litigation. Although Viptela understands the need for FatPipe to have client assistance in preparing its case, there is nothing preventing FatPipe's outside counsel or any other properly disclosed expert from reviewing Viptela's information and advising FatPipe. In fact, this eventuality is addressed by another non-disputed provision of the Protective Order. Paragraph 6(c) states: "[n]othing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided that counsel does not disclose the contents of the Protected Material itself." (Ex. A, ¶ 6(c)). FatPipe's concerns have been acknowledged and addressed through this non-disputed provision. Thus, there is no need to allow competitive decision-makers to be able to physically view and have access to Viptela's Confidential Information.

Accordingly, Viptela respectfully requests that the Court enter the stipulated Protective Order with Viptela's proposed language.

Respectfully,

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)

RDS/rah

cc:   Clerk of Court (Via Hand Delivery)
      All Counsel of Record (Via Electronic Mail)