# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FATPIPE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 16-182 (LPS) (CJB) |
| | ) | |
| VIPTELA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## AGREED PROTECTIVE ORDER
## REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

Plaintiff FatPipe, Inc. ("Plaintiff") and Defendant Viptela, Inc. ("Defendant") anticipate that documents, testimony or information containing or reflecting confidential, proprietary, trade secret, commercially sensitive information, and/or otherwise non-public information are likely to be disclosed or produced in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such confidential information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1. **PURPOSES AND LIMITATIONS**

(a) Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever. For the avoidance of doubt, the restrictions on use of Protected Materials apply equally to excerpts, summaries, compilations, or other derivatives of the Protective Materials. However, nothing herein shall prevent or in any way limit disclosure, use, or dissemination of any documents, things, or information that are in the public domain.

(b)     The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  The protection it affords extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.

(c)     This Protective Order includes in its scope any documents, things, and information (including all documents and tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure or any applicable local rule) that are produced, disclosed, or filed in the above-captioned case ("the action"), by or on behalf of any Party or non-party, voluntarily or involuntarily, whether pursuant to formal or informal discovery requests, subpoena, deposition notice, or motion practice, and whether revealed in a document, deposition, a response to any type of written discovery, a submission to the Court, or otherwise.  Nothing in this Order shall obligate any Party or non-party to produce any material to any other Party that it is not otherwise required to produce under the Federal Rules of Civil Procedure or any applicable local rule.  To the extent any material belonging to non-parties is in the possession, custody, or control of a Party, and is permitted to be produced in this matter, it may be produced under the provisions of this Protective Order.

2.     **DEFINITIONS**

(a)     "**Discovery Material**" means all items or information, including from any non-party, regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts or tangible things) that are produced, disclosed or generated in connection with discovery or Rule 26(a) disclosures in this case.

2

(b)　"**Outside Counsel**" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, paralegals, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c)　**"Patents-in-Suit"** means U.S. Patent Nos. 6,775,235 and 7,406,048, along with any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(d)　"**Party**" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel.

(e)　"**Producing Party**" means any Party or non-party that discloses or produces any Discovery Material in this case.

(f)　"**Protected Material**" means any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order.

(g)　"**Receiving Party**" means any Party who receives Discovery Material from a Producing Party.

(h)　"**Source Code**" means computer code, scripts, assembly, binaries, object code (*i.e.,* computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), microcode, firmware, source code listings, and descriptions of source code, object code listings, and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, as well as any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code.  For the avoidance of

doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

3. **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

4. **SCOPE**

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5.    **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)    Basic Principles.  All Protected Material shall be used solely for this case or any related appellate proceeding.  Protected Material shall not be used for any other purpose whatsoever, including without limitation any other litigation; patent prosecution or acquisition; patent reexamination or reissue proceedings; and/or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)    Secure Storage, No Export.  Protected Material containing Source Code must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(c)    Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided that counsel does not disclose the contents of the Protected Material itself, except as allowed for in this Order.

(d)    Limitations.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independently of the Producing Party; (iii) previously produced,

disclosed and/or provided by the Producing Party to the Receiving Party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to an order of the Court.

7. **DESIGNATING PROTECTED MATERIAL**

(a)  <u>Available Designations</u>.  Any Producing Party may designate Discovery Material (and copies thereof) with any of the following designations, provided that it meets the requirements for such designations as provided for herein:  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

(b)  <u>Written Discovery, Documents, Tangible Things, and Expert Reports</u>. Written discovery, documents (which include "electronically stored information," as that phrase is used in Rule 34 of the Federal Rules of Civil Procedure), tangible things, and expert reports that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material at or prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents and things are produced for inspection, the original documents and things shall be presumed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate, during the copying process.

(c)  <u>Native Files</u>.  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file

6

contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format.

(d)     Depositions and Testimony.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony are designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."

8. **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)     A   Producing   Party   may   designate   Discovery   Material   as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)     The Receiving Party's Outside Counsel, and any copying or clerical litigation support services working at the direction of the Receiving Party's Outside Counsel;

(ii)     **Plaintiff's Proposal**: Not more than one (1) representative for the receiving Party who is an officer or employee of the Party, who may be, but need not be, an in-house attorney, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that:  (a)  such person has agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A hereto; and (b) CONFIDENTIAL information will be made accessible to such person only in connection with obtaining their advice in this action;

**Defendant's Proposal**:  Not more than one (1) in-house attorney for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that:  (a) each such person has agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A hereto; (b) each such person is not involved in competitive decision-making for the Receiving Party; and (c) CONFIDENTIAL information will be made accessible to each such person only in connection with obtaining their advice in this action.

(iii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of this Protective  Order by signing a copy of Exhibit A hereto; (b) such expert or consultant is not a current officer, director or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iv)     Persons who appear on the face of the Discovery Material as an author, addressee or recipient thereof or who otherwise have prior knowledge of the confidential aspects of the contents of the document or thing;

(v)     Court reporters, stenographers, and videographers retained to record testimony taken in this action;

(vi)     The Court, jury, and court personnel;

(vii)     Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A hereto;

(viii)     Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(ix)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(x) Any other person with the prior written consent of the Producing Party.

9. **DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"**

(a) A Producing Party may designate Discovery Material as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material would create risk of economic harm or significant competitive disadvantage to the Producing Party.

(b) Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" may be disclosed only to:

(i) The Receiving Party's Outside Counsel, and any copying or clerical litigation support services working at the direction of the Receiving Party's Outside Counsel;

(ii) Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A hereto; (b) such expert or consultant is not a current officer, director or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)     Persons who appear on the face of the Discovery Material as an author, addressee or recipient thereof or who otherwise have prior knowledge of the confidential aspects of the contents of the document or thing;

(iv)     Court reporters, stenographers, and videographers retained to record testimony taken in this action;

(v)     The Court, jury, and court personnel;

(vi)     Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A hereto;

(vii)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(viii)     Any other person with the prior written consent of the Producing Party.

10.     **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"**

(a)     To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)     Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i)     The Receiving Party's Outside Counsel and any clerical litigation support services working at the direction of the Receiving Party's Outside Counsel;

(ii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A hereto; (b) such expert or consultant is not a current officer, director or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)     Court reporters, stenographers, and videographers retained to transcribe or record testimony at depositions, hearings or trial in this action;

(iv)     The Court, jury, and court personnel;

(v)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vi)     Any other person with the prior written consent of the Producing Party.

11.    **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a)    Any Source Code that is produced by Plaintiff shall be made available for inspection in electronic format at the offices of its counsel or any other location mutually agreed upon by the Parties.  Any Source Code that is produced by Defendant shall be made available for inspection at the offices of its counsel or any other location mutually agreed upon by the Parties.  Nothing in this Protective Order shall obligate the Parties to produce any Source Code, nor act as an admission that any particular Source Code is discoverable.

(b)    The Receiving Party shall provide at least seven days' notice prior to any Source Code inspection and make reasonable efforts to restrict its requests for access to the secure computer to normal business hours, which for purposes of this Paragraph shall be 9:00 a.m. through 6:00 p.m. local time at the reviewing location.  Upon reasonable notice from the Receiving Party, which shall not be less than five (5) business days in advance, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the secure computer outside of normal business hours.  Such an expanded review period shall not begin earlier than 8:00 a.m. and shall not end later than 7:00 p.m. local time at the reviewing location, unless the parties agree otherwise.

(c)    Source Code that is designated "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)    All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on a stand-alone secured computer without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent

and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). The secured computer may be password protected and shall have the Source Code stored on a hard drive contained inside the computer or, at the supplier's election, otherwise accessible on the secure computer. The supplier shall produce Source Code in computer searchable format on the secure computer. The Producing Party shall install software utilities that will allow the Receiving Party's outside counsel and/or experts to view, search, and analyze the Source Code, including any tools that are presently used in the ordinary court of the Producing Party's business. Within two (2) days of receiving notice of the Receiving Party's intent to review Source Code pursuant to Paragraph 11(b), the Producing Party will identify the software utilities that that have been installed on the secured computer so that the Receiving Party may determine whether the installed software utilities are sufficient to view, search and analyze the Source Code. If the Receiving Party wishes to install any other software on the computer for reviewing the Source Code, the Receiving Party shall provide, at its own expense, copies of the requested software at least five days in advance of the date on which it wishes to have the software available for use on the stand-alone computer. The Producing Party shall have an opportunity to review and object to said software for good cause.

(ii)     No recordable media or recordable devices, including, without limitation, sound recorders, computers, personal digital assistants, cellular telephones, peripheral equipment, cameras, voice recorders, Dictaphones, telephone jacks, CDs, DVDs or drives of any kind, shall be permitted into the Source Code Review Room or otherwise be used to copy or

record Source Code. No non-electronic devices or other means capable of similar functionality shall be permitted in the Source Code Review Room.

(iii)     All persons who will review Source Code on behalf of a Receiving Party shall be named in writing to the Producing Party at least three (3) business days in advance of the review. Such a writing shall be in addition to any disclosure required under this Order. The Producing Party may maintain a log of each person who reviews Source Code and require such person to sign in and sign out when reviewing Source Code.

(iv)     The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes. Such notes shall only contain the mental impressions or comments of the reviewer regarding the Source Code rather than transcription of the Source Code. Only persons who can review Source Code under Paragraph 10 may view such notes, and shall do so in a manner consistent with the restrictions on material designated HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION.

(v)     No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The Producing Party shall make available a printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code. Wholesale printing of the Code is not permitted. The Receiving Party shall only be permitted to make a reasonable number of printouts of Source Code, and the Producing Party may be permitted to make a log of all printed Source Code files. A Party may only print source code to the extent reasonably necessary to prepare court filings or pleadings, expert reports, and trial exhibits, and shall print

only such portions as are relevant to the claims and defenses in this case and are reasonably necessary for such purpose. The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing the Source Code electronically on the secured computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of Source Code for review and analysis elsewhere. The Parties are presumptively limited to printing no more than 300 pages of Source Code in total, with no more than 50 consecutive pages from any section or file of the Source Code for any product. The Parties agree to negotiate these presumptive limits in good faith in the event the Parties request leave to exceed the above limits. Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party. The Producing Party shall Bates number, copy, and label as "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any pages printed by the Receiving Party. Within three (3) business days from the date on which such pages were printed, the Producing Party shall provide one copy set of such pages to the Receiving Party. If the Producing Party objects in any manner to the production of the requested Source Code (*e.g.,* the request is too voluminous), it shall state its objection within the allotted three (3) business days pursuant to this Paragraph. In the event of a dispute, the parties will meet and confer within five (5) business days of the objection being raised to resolve the dispute.

(vi) The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

(vii)    Unless otherwise agreed to in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room and shall maintain any such notes in a manner that prevents duplication of or unauthorized access to the Source Code.  Any such notes must be marked on each page with the designation - "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."   Proper identification of all authorized persons shall be provided before any access to the secure room or the computer containing Source Code.  Other than as provided above, the Receiving Party will not copy, remove or otherwise transfer any Source Code from the Source Code Computer, including, without limitation, copying, removing or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

(viii)    The Receiving Party is permitted to make up to two (2) additional hard copies of Source Code for use at a deposition.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  All paper copies of Source Code brought to the deposition shall remain with the Producing Party's outside counsel for secure destruction in a timely manner following the deposition.

(ix)    Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a Party reasonably

believes that it needs to submit a portion of Source Code as part of a filing with the Court, it shall file the Source Code under seal.

(x)     No person other than the Producing Party may alter, dismantle, disassemble or modify the secure computer in any way, or attempt to circumvent any security feature of the computer.

12.     **NOTICE OF DISCLOSURE**

(a)     Prior to disclosing any Protected Material to any person described in Paragraphs 8(b((iii)9(b)(ii), or 10(c)(ii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i)     the name of the Person;

(ii)    an up-to-date curriculum vitae of the Person;

(iii)   the present employer and title of the Person;

(iv)    a list of any known present or former relationships or engagements between the Person and any Party or known competitor of a Party;

(v)     an identification of all of the Person's past and current employment and (non-confidential or non-privileged) consulting relationships in the last (5) years relating to the subject matter of the Patents-in-Suit;

(vi)    an identification of all pending patent applications that relate to the subject matter of the Patents-In-Suit on which the Person is named as an inventor, or in which the Person has any ownership interest; and

(vii)   a list of cases in which the Person has testified at deposition or trial within the last five (5) years.

(b)     Within seven (7) business days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  The seven (7) business-day review period shall be tolled until such time as the Receiving Party or Parties receives the information requested.  In the absence of an objection at the end of the seven (7)-business-day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this seven (7)-business-day period.  If the Producing Party objects to disclosure to the Person within such seven (7)-business-day period, the Parties shall meet and confer via telephone or in person within five (5) business days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought from the Court within that time, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(d)     The failure of a Producing Party to object to the receipt of its Protected Material by a person designated by a Receiving Party under Paragraph 12 shall in no way prejudice the Producing Party's right to later move to exclude such person's testimony or written report on grounds other than the propriety of such person's access to the Producing Party's Protected Material.

13.   **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto at any time prior to the final pretrial conference in this action.  For the avoidance of doubt, any designation challenge must be made prior to the final pretrial conference in this action.

(b)     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The objecting Party shall have the burden of conferring either in person, in writing or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good-faith effort to resolve the dispute.

(ii)     Failing agreement, the objecting Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information; and

(iii)     Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws

such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation. If Discovery Material was properly shown to a person who would not be entitled to see it as re-classified, that person shall be advised that the Discovery Material has been reclassified and instructed not to use the Discovery Material for any purpose.

14. **SUBPOENAS OR COURT ORDERS**

(a) If at any time Protected Material is subpoenaed by any court or arbitral, administrative or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

15. **FILING PROTECTED MATERIAL**

(a) All pleadings and other papers that are electronically filed with the Court and contain, refer to, or disclose Protected Material shall be filed under seal pursuant to Local Rule 5.1.3.

16. **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a) The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material to the Producing Party, destroy all copies thereof, and within five (5) calendar days, confirm that the inadvertently produced privileged material has been destroyed.

(c)     The return or destruction of any inadvertently produced privileged material shall not in any way preclude the Receiving Party from moving the Court for an order that: (i) the Discovery Material was never privileged or otherwise immune from disclosure; or (ii) that any applicable privilege or immunity has been waived by some act other than the production of the Discovery Material.   The party or parties returning or destroying such inadvertently produced privileged material shall not assert as a ground for entering an order compelling production of the inadvertently produced privileged material the fact or circumstances of the inadvertent or unintentional production.   Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and to describe its nature to the Court in any motion to compel production of the Discovery Material.

17.     **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation, provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate.   The

Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

18.     **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)     In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible Disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. The responsible Disclosing Party shall use reasonable efforts to advise the unauthorized person or persons that the Discovery Material is not to be used for any purpose and to bind such person or persons to

the provisions of this Protective Order. Nothing in this Paragraph shall affect the Producing Party's remedies under this Protective Order or otherwise for such unauthorized disclosure.

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

19.     **THIRD PARTIES**

Any non-party shall also be entitled to the rights and protections provided to a Producing Party. A non-party that produces Discovery Material may designate such material in the same manner as a Party (or a Party may make such designation on a non-party's behalf), and shall receive the same level of protection under this Protective Order as any Party to this lawsuit. A non-party's use of this Order does not entitle that non-party access to Protected Material produced by a Party.

20.     **FINAL DISPOSITION**

(a)     Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material. For purposes of this Order, "Final Disposition" occurs after an order, mandate or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)     Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings (including without limitation all briefs, memoranda, affidavits, supporting materials, and all papers served on a Party), correspondence, deposition transcripts and accompanying exhibits, hearing transcripts and accompanying exhibits, and attorney and consultant work product (but not document productions) for archival purposes.

21. **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)     Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case.  Draft reports, notes or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(b)     Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony or any opinion in this case.  No discovery can be taken from any non-testifying expert, except to the extent that such non-testifying expert has provided information, opinions or other materials to a testifying expert that was relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

(c)     No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(d)     Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 21(a)–(c) shall be treated as attorney-work product for the purposes of this litigation and Order.

(e)     Nothing in this Protective Order, including Paragraphs 21(a)–(c), shall alter or change in any way the requirements in Paragraph 11 regarding Source Code, and Paragraph 11 shall control in the event of any conflict.

22.    **PROSECUTION BAR.**

(a)    Absent the written consent of the Producing Party, any person who, on behalf of a Party, obtains, receives or otherwise learns information designated "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," shall not be involved, directly or indirectly, on behalf of the Receiving Party or any person or entity related to the Receiving Party by common ownership or control, in the prosecution of patent applications, whereby "prosecution" as used in this paragraph includes, without limitation, advising on, consulting on, preparing, prosecuting, drafting, editing or amending applications, specifications, claims or responses to office actions or otherwise affecting the disclosure in patent applications or specifications or the scope of claims in patents or patent applications, or supervision of the aforementioned, relating to the Patents-in-Suit and/or subject matter of information disclosed in such Protected Material before any foreign or domestic agency, including without limitation the U.S. Patent and Trademark Office.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a Party before a domestic or foreign agency in connection with a reissue protest, *ex parte* reexamination, *inter partes* reexamination, *inter partes* review, or other form of post-grant review and, accordingly, this Prosecution Bar permits an attorney, expert or other person for the Receiving Party to represent a Party before a domestic or foreign agency in connection with a reissue protest, *ex parte* reexamination, *inter partes* reexamination, *inter partes* review, or other form of post-grant review.

(b)    The restrictions in this Prosecution Bar are personal to the person obtaining, receiving or learning "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS'

EYES ONLY - SOURCE CODE" information and shall not be imputed to any other person or entity. The prohibitions shall begin when access to such Protected Material is first received by the affected individual, and shall end eighteen (18) months after the conclusion of this action, including all appeals.

23. **MISCELLANEOUS**

(a)     <u>No Export of Protected Material</u>.  To the extent a Receiving Party wishes to export Protected Material outside of the United States or release it to a foreign national (even within the United States), it is the responsibility of that Party to ensure compliance with applicable United States Export Administration Regulations.

(b)     Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

(c)     Limited Disclosure to Parties with Prior Access.  Nothing herein shall prevent the disclosure of any Protected Material to any of the following:

(i)     any current employee of the Producing Party;

(ii)    any current employee of the Receiving Party if the Protected Material originated with, or was sent to, the current employee of the Receiving Party, as

evidenced by the identification of the current employee as an author, recipient, or copyee on the face of the Protected Material; or

(iii)    during deposition or trial testimony, any former employee of the Receiving Party or Producing Party if the Protected Material originated with, or was sent to, the former employee during the term of employment of the former employee, as evidenced by the identification of the former employee as an author, recipient, or copyee on the face of the Protected Material any current employee of the Producing Party.

(d)    Use of Protected Material at Trial.  Nothing in this Protective Order shall prevent a Party from seeking leave from the Court to use any Protected Material at a hearing or at trial.  The Parties may ask the Court to require that attendance at those portions of the hearing or trial, or access to the transcripts of those hearing or the trial, in which Protected Material is to be disclosed, be restricted to persons qualified to review the Protected Material, as appropriate under this Protective Order.

(e)    Notice to Non-Parties.  Any Party issuing a subpoena to a non-party shall enclose a copy of this Protective Order.

(f)    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek modification of it by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(g)    Termination of Matter and Retention of Jurisdiction.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(h)     Successors.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(i)     Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise not discoverable, or is not admissible in evidence in this action or any other proceeding.  Entering into, agreeing to and/or complying with the terms of this Protective Order shall not operate as an admission by any Party of the relevance and/or discoverability of any particular Discovery Material.

(j)     Burdens of Proof.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and, if so, what restrictions should apply.

(k)     Modification by Court or Agreement.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.  The U.S. District Court for the District of Delaware is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be

resolved by the U.S. District Court for the District of Delaware. The Parties may amend or modify any provision of this Order by mutual agreement, which agreement shall be embodied in a written stipulation to be approved by the Court.

(l)    Discovery Rules Remain Unchanged. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the U.S. District Court for the District of Delaware, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the U.S. District Court for the District of Delaware, or the Court's own orders.

(m)    Privilege Logs. No Party shall be required to identify on its respective privilege log any document or communication dated on or after the filing of the lawsuit which, absent this provision, the Party would have been obligated to so identify on said privilege log. The Parties shall exchange their respective privilege document logs at a time to be agreed upon by the Parties following the production of documents.

SO ORDERED this _____ day of _____, 2016

_____
CHIEF, UNITED STATE DISTRICT JUDGE

## EXHIBIT A

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *FatPipe, Inc. v. Viptela, Inc.*, Case No. 16-182-LPS-CJB (D. Del.). Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of the United States District Court for the District of Delaware for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____

[Signature]