

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984 6000
www.potteranderson.com

**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192  Fax

August 26, 2016

VIA ELECTRONIC-FILING

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3556

      Re:    *FatPipe, Inc. v. Viptela, Inc.*, **C.A. No. 16-182-LPS-CJB**

Dear Chief Judge Stark:

      I write on behalf of Plaintiff FatPipe, Inc. regarding the dispute with Defendant Viptela, Inc. concerning the Protective Order to be submitted in the above-captioned case.  The parties are scheduled to discuss this dispute with the Court at a teleconference on September 2, 2016.[1]

      As summarized in Viptela's opening letter brief (D.I. 42), the parties disagree as to whether Paragraph 8(b)(ii) of the Proposed Protective Order should allow party representatives who are not in-house attorneys to access the opposing party's "CONFIDENTIAL" information.  FatPipe's proposal allows each party to designate one officer or employee, who may but need not be an in-house attorney, to receive access to such information.  Viptela's proposal, on the other hand, limits each party to designating one ***in-house attorney*** who "is not involved in competitive decision-making" to receive access to such materials.[2]

      Viptela's proposal is one-sided and manifestly unfair.  Viptela employs in-house attorneys.  FatPipe does not.  As such, Viptela's proposal would enable a Viptela designee to access FatPipe's confidential information for purposes of advising on litigation strategy, while depriving FatPipe of the same opportunity.

      Viptela attempts to justify its position by asserting that, because the parties are direct competitors, any FatPipe decision-maker who receives access to Viptela's confidential information could misuse that information to FatPipe's competitive advantage, even unintentionally.  But Viptela's argument falls short for several reasons.

---

[1] The parties recently identified a few minor mistakes in the previously submitted draft of the Protective Order attached to Viptela's letter brief (D.I. 42).  Accordingly, a revised draft of the Protective Order with those mistakes corrected is attached hereto as Exhibit A.

[2] Both parties' proposals allow for disclosure of confidential information to the designee's "immediate paralegals and staff" as necessary; require the designee to agree to be bound by the Protective Order; and specify that "CONFIDENTIAL information will be made accessible to each such person only in connection with obtaining their advice in this action."

The Honorable Leonard P. Stark
August 26, 2016
Page 2

As an initial matter, Viptela downplays the fact that the parties' dispute centers on only one category of documents: those marked as "CONFIDENTIAL." The Protective Order also provides for two elevated "HIGHLY CONFIDENTIAL" designations that are intended to protect the parties' most sensitive information. The parties agree that such HIGHLY CONFIDENTIAL materials may *not* be disclosed to any party representative absent certain conditions (e.g., the person authored the document). (*See* Paragraphs 9 and 10.) As such, Viptela itself holds the power to ensure that a FatPipe representative will not have access to its "detailed technical information" or "highly confidential sales, marketing and financial documents" simply by designating such materials as HIGHLY CONFIDENTIAL. (D.I. 42 at 2.) Accordingly, there is no basis to impose overly rigid and one-sided restrictions on the lowest confidentiality designation.

In this patent infringement suit, ordinary "CONFIDENTIAL" information will almost certainly pervade the parties' briefing, contentions, and expert reports. As a result, Viptela's proposal would significantly hinder FatPipe's ability to meaningfully participate in this litigation and would limit the ability of FatPipe's litigation counsel to serve its client's interests. Under Viptela's proposal, for example, FatPipe's outside counsel would be required to censor its discussions with FatPipe to avoid revealing such information. To the extent FatPipe could even participate in decisions about the content of these pleadings, its decisions would be based on incomplete and highly filtered information. Meanwhile, Viptela would face no such limitations, as its trial counsel would be free to share and discuss FatPipe's ordinary confidential materials with Viptela's representative. FatPipe's proposal, in contrast, would set the parties on equal footing when it comes to including party representatives in litigation decision-making.

Further, the Protective Order expressly mandates that "Protected Material [including "CONFIDENTIAL" material] designated under the terms of this Protective Order shall be used by a Receiving Party *solely for this case*, and shall not be used directly or indirectly for any other purpose whatsoever." (Paragraph 1(a) (emphasis added).) In other words, any individual who reviews protected information is bound to use that knowledge only for purposes of the litigation.

Accordingly, Viptela simply cannot show good cause for its proposal to heavily restrict access to CONFIDENTIAL information. "A party seeking a protective order has the burden of showing good cause for its issuance." *Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182, 183 (D. Del. 2010). Good cause requires showing a "clearly defined and serious injury," rather than "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (internal citations and quotation marks omitted). Viptela's suggestion that FatPipe's designee would be unable to help himself from using Viptela's sensitive information even subconsciously is nothing more than unfounded speculation that fails to establish good cause.

Indeed, other contemporaneous litigation illustrates that Viptela's concerns are unfounded. FatPipe recently brought a patent litigation action against another competitor, Talari Networks, involving the same patents asserted in this case and similar accused technology. In the *Talari* case, the court entered a protective order with a provision comparable to the one that FatPipe proposes here. *See, e.g.*, *FatPipe, Inc. v. Talari Networks, Inc.*, No. 6:15cv458, D.I. 43 ¶ 8(b)(ii) (Nov. 4, 2015, E.D. Tex.) (permitting disclosure of CONFIDENTIAL material to "[n]ot more than three

The Honorable Leonard P. Stark
August 26, 2016
Page 3

(3) representatives[3] of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party . . . .") (attached hereto as Exhibit B).  Although both parties in the *Talari* litigation have been permitted to disclose CONFIDENTIAL information to their non-attorney representatives, neither party has raised concerns regarding the other's compliance with the Protective Order.

Finally, although Viptela cites a series of cases, none of them addresses the particular situation presented here—namely, whether a party representative should be denied access to materials designated as merely CONFIDENTIAL when the governing Protective Order also provides for heightened confidentiality designations that will ensure that truly commercially sensitive information is not disclosed to that party representative.  (*See* D.I. 42 at 2.)

In this case, there is no justification for including an overly restrictive and one-sided CONFIDENTIAL designation that would preclude FatPipe from participating meaningfully and equally in this litigation.  As noted above, all of Viptela's concerns are easily alleviated through proper designation of its commercially sensitive information under the existing terms of the Protective Order.  Accordingly, FatPipe respectfully requests that the Court enter the stipulated Protective Order with FatPipe's proposed language in Paragraph 8(b)(ii).

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM/msb/1232425/43214

Enclosures
cc:   Clerk of the Court (via hand delivery) (w/encs.)
       Counsel of Record (via electronic mail) (w/encs.)

---

[3] In an attempt to alleviate Viptela's concerns, FatPipe agreed to limit disclosure of CONFIDENTIAL information to one FatPipe representative in this case instead of the three FatPipe representatives allowed in the Talari case.